UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | |
|---|---|
| **MONICA MORILLO,**<br>    Plaintiff,<br><br>vs.<br><br>**CAPITAL MANAGEMENT SERVICES, LP; and DOES 1 through 10, inclusive,**<br>    Defendant. | Civil Action No.: |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff, Monica Morillo, an individual consumer, against Defendant, Capital Management Services, LP, for violations of the law, including, but not limited to, violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter ''FDCPA''), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the Defendant transacts business here.

### III. PARTIES

3. Plaintiff, Monica Morillo, is a natural person with a permanent residence in Palm Beach County, in the state of Florida.

1

4. Upon information and belief, the Defendant, Capital Management Services, LP, is a foreign limited partnership engaged in the business of collecting debt in this state and in several other states, with its principal place of business located in the state of New York. The principal purpose of Defendant is the collection of debts in this state and several other states, and Defendant regularly attempts to collect debts alleged to be due another.

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

### IV. FACTUAL ALLEGATIONS

6. The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

7. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, threatened to garnish Plaintiff's wages, when it cannot do so.

8. The natural consequences of Defendant's statements and actions were to unjustly condemn and vilify Plaintiff for her non-payment of the debt he allegedly owed.

9. The natural consequences of Defendant's statements and actions were to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

10. The natural consequences of Defendant's statements and actions were to cause Plaintiff mental distress.

11. Defendant utilized unfair and unconscionable means to collect on Plaintiff's alleged debt, by lying to and misleading Plaintiff and speaking to her in an offensive manner.

### V.  *FIRST CLAIM FOR RELIEF*

12. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

13. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

    (a) Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt; and

    (b) Defendant violated *§1692e* of the FDCPA by using a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt; and

    (c) Defendant violated *§1692e(5)* of the FDCPA by threatening to take action that the Defendant does not intend to take and/or the Defendant cannot legally take; and

    (d) Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt.

14. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

15. As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff, Monica Morillo, for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

### *VI. SECOND CLAIM FOR RELIEF*

16. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

17. Defendant violated the Florida Fair Debt Collection Practices Act 559.55 (hereinafter "FFDCPA").  Defendant's violations include, but are not limited to, the following:

    (a) Defendant violated *559.72(7)* of the FFDCPA by willfully communicating with the debtor with such frequency as can reasonably be expected to harass the debtor or their family, or willfully engaged in other conduct which can reasonably be expected to abuse or harass the debtor or any member of their family.

18. Defendant's acts as described above were done intentionally with the purpose of getting payment from Plaintiff for the alleged debt.

19. As a result of the foregoing violations of the FFDCPA, Defendant is liable to the Plaintiff for actual damages, statutory damages, and costs and attorney fees.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant, Capital Management Services, LP, for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA and the FFDCPA.

B. Actual damages.

C. Statutory damages.

D. Costs and reasonable attorney fees.

E. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

F. For such other and further relief as the Court may deem just and proper.

## VII. DEMAND FOR JURY TRIAL

Please take notice that Plaintiff, Monica Morillo, demands trial by jury in this action.

DATED: September 24, 2012

>RESPECTFULLY SUBMITTED,
>By: /s/ Benjamin H. Crumley
>Benjamin H. Crumley, Esq.
>Florida Bar No. 018284
>Crumley & Wolfe, P.A.
>2254 Riverside Avenue
>Jacksonville, FL 32204
>Phone: (904) 374-0111
>Fax: (904) 374-0113
>Email: ben@cwbfl.com